■ THE PEOPLE OF THE STATE OF NEW YORK v. ALBERTA STOKES.— Appeal from a judgment of the Supreme Court, Bronx County, rendered November 28, 1972, convicting appellant, upon her plea of guilty, of attempted criminal possession of a dangerous drug (fourth degree) dismissed due to the death of appellant on April 2, 1974, and the case remanded to the Supreme Court, Bronx County, for the purpose of vacating the judgment of conviction and dismissal of the indictment. (*People* v. *Mintz*, 20 N Y 2d 753; *People* v. *Adams*, 41 A D 2d 734; *People* v. *Gentile*, 40 A D 2d 600.) Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Capozzoli, JJ.

SECOND DEPARTMENT, JUNE, 1974

(June 3, 1974)

■ JOSEPH BIFULCO, Individually and as Administrator of the Estate of HELEN BIFULCO, Deceased, Appellant, v. EMIL A. SAUER, Respondent.—In a negligence action to recover damages for personal injuries sustained by plaintiff's intestate, etc., plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated July 20, 1973, as, upon reargument, denied his renewed motion to amend the complaint to plead a cause of action in wrongful death. Order reversed insofar as appealed from, with $20 costs and disbursements, and renewed motion granted. The amended complaint must be served within 20 days after entry of the order to be made hereon. Appellant's intestate was injured in an automobile accident on March 30, 1967. This action was timely brought on February 17, 1970 (CPLR 214). The decedent died on February 27, 1971 and a physician's statement attached to the proposed amended complaint asserts that the death was caused by the injuries suffered in the accident. Plaintiff was appointed administrator of the decedent's estate on May 25, 1971, and his first motion to amend the complaint to include a wrongful death action was made on or about February 9, 1973, well within the limitation period for the commencement of a death action. Under these circumstances, and in consideration of the provisions of EPTL 11–3.3 (subd. [b], par. [2]) permitting the amendment of a complaint to include a wrongful death action, we believe that the application to amend the original complaint should have been granted in the interests of justice. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.